**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUOHUA GONG, | No. 13-70820 |
| Petitioner, | Agency No. A099-717-272 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Suohua Gong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Gong does not make any arguments regarding his family planning claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

With respect to Gong's corruption claim, substantial evidence supports the BIA's adverse credibility determination based on the inconsistencies in Gong's testimony regarding when he decided to organize the protest, when it took place, and when he called his co-workers, and based on an inconsistency between Gong's testimony and documentary evidence regarding the amount he was fined. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances); *Don v. Gonzales*, 476 F.3d 738, 741-42 (9th Cir. 2007) (inconsistency in "crucial date" supported adverse credibility finding). Gong's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We lack jurisdiction to review Gong's contentions regarding his household register, lack of opportunity to explain or provide further proof, and

possible interpretation or typographical errors because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We reject Gong's contentions that the agency's analysis was inadequate. In the absence of credible testimony, Gong's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, Gong's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

Finally, we lack jurisdiction to review Gong's contentions that the IJ was not neutral or misstated facts. *See Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**